**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| STEAK N SHAKE INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:18-cv-00072-SRC |
| | ) | |
| MELISSA WHITE, | ) | |
| | ) | |
| Defendant. | ) | |

**STEAK N SHAKE INC.'S MEMORANDUM IN SUPPORT OF ITS**
**MOTION TO EXCLUDE THE REPORT, OPINION, AND TESTIMONY**
**OF MELISSA WHITE'S EXPERT DR. JEFFREY TOMBERLIN**

**I.    INTRODUCTION**

Plaintiff Steak N Shake, Inc. ("SNS" or "Plaintiff") submits this Memorandum in Support of its Motion to Exclude the Report, Opinion, and Testimony of Defendant Melissa White's Expert Dr. Jeffrey Tomberlin ("Dr. Tomberlin"). White intends to have Dr. Tomberlin testify regarding the existence of fly larvae in a hamburger patty White allegedly took from SNS's Florissant, Missouri restaurant on January 5, 2018. Dr. Tomberlin's report, opinion, and testimony do not, and will not, help the trier of fact understand any evidence or determine any fact in issue, and, therefore, are inadmissible under *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579 (1993) and Federal Rule of Evidence 702. Thus, Dr. Tomberlin's report, opinion, and testimony should be excluded. Furthermore, to allow White to present such unreliable and unhelpful evidence to the jury as "expert" testimony, opinion, or report would be unduly prejudicial to SNS, and thus, Dr. Tomberlin's opinion, testimony, and report are also inadmissible under Federal Rule of Evidence 403.

1

## II.    FACTUAL BACKGROUND

On March 13, 2019, Dr. Tomberlin was deposed regarding his report and opinions in this matter, which relate only to the issue of whether there were worms or other insects in a hamburger patty provided to him by White's counsel, which she alleges she took from the SNS Florissant restaurant on January 5, 2018. On December 20, 2018, Dr. Tomberlin submitted a one page report regarding the hamburger patty he inspected. *See* Tomberlin Report, attached hereto as Exhibit 28. Dr. Tomberlin examined <u>one</u> hamburger patty for entomological artifacts, or more simply, insects. Dr. Tomberlin examined the hamburger patty for the first and only time on December 17, 2018, in a conference room at White's counsel's office. Dr. Tomberlin reported and issued his opinion that there were three immature insects (maggots or fly larvae) in the patty, which he extracted:  one house fly and two blow flies. Dr. Tomberlin's report and opinion are limited to the contents of the meat *at the time of his inspection*.

## III.    ARGUMENT

### a.  Legal Standard

Rule 702 of the Federal Rules of Evidence states:

A witness who is qualified as an expert by knowledge, skill, experience, training, or education my testify in the form of an opinion or otherwise if: (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702.

The United States Supreme Court decision in *Daubert v. Merrell Dow Pharms., Inc.,* 509 U.S. 579 (1993), and its progeny expound upon the requirements of Rule 702:

First, evidence based on scientific, technical, or other specialized knowledge must be *useful to the finder of fact* in deciding the ultimate issue of fact. This is the basic rule of relevancy. Second, the proposed witness must be qualified to assist the finder of fact. Third, the

proposed evidence must be reliable and trustworthy in an evidentiary sense, so that, if the finder of fact accepts it as true, it provides the assistance the finder of fact requires.

*Johnson v. Mead Johnson & Co., LLC*, 754 F.3d 557, 561 (8th Cir. 2014) (quoting *Polski v. Quigley Corp.*, 538 F.3d 836, 839 (8th Cir. 2008)) (emphasis added).

"The initial question of whether expert testimony is sufficiently reliable is to be determined by the court, as part of its gatekeeper function." *Furminator, Inc. v. Kim Laube & Co, Inc.*, 758 F. Supp. 2d 797, 807 (E.D. Mo. 2010) (internal citations omitted). The party offering expert testimony bears the burden of showing the expert's qualifications and reliability. *Wagner v. Hesston Corp.*, 450 F.3d 756, 758 (8th Cir. 2006). The proponent of the expert evidence bears the burden of proving that the conditions of admissibility exist. *Thurman v. Mo. Gas Energy*, 107 F.Supp. 2d 1046, 1049 (W.D. Mo. 2000), citing *Daubert*, 509 U.S. at 592; *see also Marmo v. Tyson Fresh Meats, Inc.*, 457 F.3d 748, 758 (8th Cir. 2006) ("[t]o show that the expert testimony is relevant, the proponent must show that the reasoning or methodology in question is applied properly to the facts in issue").

"Under Rule 702, district courts act as gatekeepers, ensuring that expert testimony is not only relevant, but reliable." *Clinton v. Mentor Worldwide, LLC*, No. 4:16-cv-00319 (CEJ), 2016 WL 7491861, at *2 (E.D. Mo. Dec. 30, 2016) (internal citations omitted).

    **b. Dr. Tomberlin's opinion will not help the jury understand the evidence or determine whether or not there were worms in the hamburger patty on January 5, 2018.**

Under Federal Rule of Evidence 702, an expert's scientific testimony, report, or opinion must "*help the trier of fact to understand the evidence or to determine a fact in issue*." Fed. R. Evid. 702 (emphasis added). Dr. Tomberlin's testimony, report, and opinion will <u>not</u> help the jury understand the evidence or determine any fact in issue. Simply put, Dr. Tomberlin's testimony will

do more to confuse the jury than to help it understand anything regarding the hamburger patty in question.

SNS has a defamation claim pending against White based on false statements she made on Facebook on January 5, 2018.[1] Specifically, White publicly posted that she found worms in her hamburger patty, and that SNS was selling contaminated meat to customers on that date. White's only stated defense to the defamation claim is that the statements were truthful – but she has absolutely no evidence to support that defense. Dr. Tomberlin's report, opinion and testimony do not change that fact.

Dr. Tomberlin's report, opinion, and testimony provide <u>no</u> support to White's allegation that there were worms or insects in the hamburger patty she tried to cook for herself on January 5, 2018. They certainly provide no support to White's allegation that SNS served contaminated meat to customers on that date. Dr. Tomberlin's report, testimony, and opinion are strictly limited to the issue of whether there were insects in the hamburger patty when he examined it on December 17, 2018, more than 11 months after January 5, 2018. As such, Dr. Tomberlin's report, opinion, and testimony do not help any trier of fact make any determination about any actual issues of fact in this matter.

Dr. Tomberlin's report reveals that on December 17, 2018, there existed three (3) fly larvae on the hamburger he inspected. Tomberlin Dep. 65:10-19, 66:2-7. However, Dr. Tomberlin specifically testified that he was expressly <u>not</u> rendering an opinion on when the hamburger patty became infested with fly larvae. Tomberlin Dep. 66:16-19. Dr. Tomberlin testified that he had no knowledge and could not say with any degree of scientific certainty when the hamburger patty

---

[1] White has counterclaims pending against SNS alleging wrongful discharge under Missouri's Whistleblower Protection Act, intentional inflictions of emotional distress, and race and sex discrimination under Title VII, none of which have anything to do with Dr. Tomberlin's opinion or report.

became infested. Tomberlin Dep. 66:8-11, 72:12-15). Simply put, all Dr. Tomberlin can say to any degree of scientific certainty is that the hamburger he saw on December 17, 2018, had three (3) fly larvae in it. Tomberlin Dep. 68:5-10. This is not a fact in issue that the jury will ever need to decide.

Dr. Tomberlin cannot identify how or when any insects became present in the hamburger patty. He has no knowledge of any chain of custody of the patty he inspected. Tomberlin Dep. 66:20-67:19. He could only guess as to how the larvae got there, but he could not base any of those hypotheses on scientific facts or evidence. In fact, he even stated it was possible that they were placed there intentionally by White or that White's freezer provided the environment causing contamination. Tomberlin Dep. 71:4-6, 73:6-10, 74:4-16. What is abundantly clear is that Dr. Tomberlin has no evidence, information, or ability to determine when, how, or where the hamburger patty became contaminated with three (3) fly larvae. Even more indicative of the lack of certainty regarding the origins of the identified fly larvae is the fact that Dr. Tomberlin could not even testify as to whether the item he examined was in fact a hamburger patty from Steak N Shake. Tomberlin Dep. 76:1-4.

The testimony, report, and opinion that Dr. Tomberlin provided in this matter will do nothing to help the jury determine any issues of fact. What Dr. Tomberlin examined and reported does not provide any help in concluding that nearly a year before his inspection, White saw worms in her hamburger patty as she was cooking it at SNS.[2] If nothing else, Tomberlin's testimony, opinion and report are more likely to confuse the jury, rather than help them decide a fact in issue in this case.

---

[2] Tomberlin's inspection and report on a single hamburger patty certainly do nothing to help the jury decide whether White was being truthful when she posted on Facebook that SNS was selling contaminated meat to customers.

Based on the fact that Dr. Tomberlin's testimony, opinion, and report do not help or assist the trier of fact in determining any issues of fact in this action, Dr. Tomberlin's testimony, opinion, and report are inadmissible and must be excluded.

### c. Dr. Tomberlin's opinion is based on unreliable data in that he has no knowledge of the chain of custody of the hamburger patty.

In order for an expert witness's testimony, report, or opinion to be admissible, it must also be based on sufficient facts or reliable data, allowing the expert to present a helpful and useful evidence to the trier of fact to aid in determining a fact in issue. "If the expert's opinion is so fundamentally unsupported that it can offer no assistance to the jury, then it must be excluded." *Jones v. Slay*, No. 4:12-CV-2109 CAS, 2014 WL 2804407, at *2 (E.D. Mo. June 20, 2014) (citing *Lawrey v. Good Samaritan Hosp.*, 751 F.3d. 947, 952-53 (8th Cir. 2014)). Due to serious chain of custody issues, namely the fact that the hamburger patty had not been properly preserved since January 5, 2018, Dr. Tomberlin's report, opinion, and testimony are inherently flawed and clearly based upon unreliable information and data.[3]

Dr. Tomberlin clearly testified that he had no knowledge of the chain of custody of the hamburger patty he inspected. Tomberlin Dep. 66:20-25, 67:1-19. As such, Dr. Tomberlin could not render any opinion on whether the hamburger patty had fly larvae in it on January 5, 2018, or at any time other than December 17, 2018. Tomberlin Dep. 68:5-10, 72:12-15, 74:21-75:3. Because he could only testify and report on what he observed nearly a year after the incident at issue, his report, testimony, and opinion on his examination of the hamburger patty are not remotely helpful in determining whether there were actually worms or fly larvae in the hamburger patty on January 5, 2018, the very fact that is in dispute in this matter. The severe and inexcusable deficiency in the chain of custody establishes that neither Dr. Tomberlin, nor any expert, could

---

[3] To be clear, Dr. Tomberlin does not purport to vouch for the provenance of the patty he inspected.

make a determination to a reasonable degree of scientific certainty about the most essential facts at issue in SNS's claim:  whether there were worms in the meat on January 5, 2018, and whether contaminated meat was sold to customers. Due to the total lack of a chain of custody, Dr. Tomberlin cannot answer those questions, or provide an expert opinion on them.

Therefore, the data upon which Dr. Tomberlin relied to make his determination that there were insects in the meat on December 17, 2018, is totally unreliable in determining whether there were insects in the meat nearly a year prior to that. As such, the Court must exclude Dr. Tomberlin's testimony, opinion, and report.

### d.  Any Value of Dr. Tomberlin's Proposed Report, Opinion, and Testimony is Outweighed by the Dangers of Prejudice to SNS.

Not only should Dr. Tomberlin's report, opinion, and testimony be stricken as inadmissible under Federal Rule of Evidence 702, it is also inadmissible under Federal Rule of Evidence 403, as its admissibility would unduly prejudice SNS.

The *Daubert* decision instructed trial courts to be mindful of other applicable rules of evidence. *Daubert*, 509 U.S. at 595. Rule 403 permits the exclusion of otherwise relevant evidence "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury." Fed. R. Evid. 403. Even assuming, arguendo, that White's expert's testimony, report, or opinion did not run afoul of the standards of admissibility established by Rule 702 and *Daubert*, and had some relevance (which they do not), that relevance would clearly be outweighed by the dangers warned of in Rule 403. "Expert evidence can be both powerful and quite misleading because of the difficulty in evaluating it. Because of this risk, the judge in weighing possible prejudice against probative force under Rule 403… exercises more control over experts than over lay witnesses." 3 J. Weinstein & M. Berger, *Weinstein's Evidence* ¶ 702[03], p. 632 (1988), cited in *Daubert*, passim; *see also Allison v. McGhan Medical Corp.*,

184 F.3d 1300, 1310 (11th Cir. 1999). The unreliable and speculative testimony of Dr. Tomberlin as to the source, origin, and appearance of the fly larvae in the hamburger patty he inspected requires this Court to exclude any such testimony under Rule 403. To admit Dr. Tomberlin's report, opinion, or testimony would severely prejudice SNS as it does not further White's defenses or claims in this matter, and provides no conclusive or scientific evidence to support White's defense of truth to SNS's defamation claim.

Therefore, the Court must exclude Dr. Tomberlin's expert's testimony, report, and opinion as unduly prejudicial under Federal Rule of Evidence 402.

## IV.    CONCLUSION

WHEREFORE, Steak N Shake respectfully requests this Court to grant its Motion to Exclude the Report, Opinion, and Testimony of Defendant's designated expert Dr. Jeffrey Tomberlin, and for any such other relief as this Court deems just and proper.

Respectfully submitted,

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

*/s/ Erin E. Williams*
Erin E. Williams, MO #60935MO
Thomas R. Chibnall,  #67994MO
7700 Bonhomme Avenue, Suite 650
St. Louis, MO  63105
Tel:  314-802-3935
Fax:  314-802-3936
erin.williams@ogletree.com
thomas.chibnall@ogletree.com

Attorneys for Steak N Shake

## CERTIFICATE OF SERVICE

The undersigned certifies that July 24, 2019, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system which sent notification to all counsel of record.

*/s/ Erin E. Williams*
Attorney for Steak N Shake

39152835.1