# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| STEAK N SHAKE, INC., | ) | |
| | ) | |
| Plaintiff(s), | ) | |
| | ) | |
| vs. | ) | Case No. 4:18CV00072 SRC |
| | ) | |
| MELISSA WHITE, | ) | |
| | ) | |
| Defendant(s). | ) | |

## MEMORANDUM AND ORDER

This matter comes before the Court on Defendant Melissa White's Motion to Compel Production of Documents and Answers to Interrogatory and Request for Admissions [69]. White's motion will be granted, in part, and denied, in part.

Plaintiff Steak n Shake, Inc. filed a complaint against Defendant Melissa White alleging White defamed Steak n Shake when she posted on social media stating she was fired from Steak n Shake for finding live worms in a steak patty and refusing to sell the meat to a customer. White filed a counterclaim against Steak n Shake asserting Steak n Shake wrongfully terminated White in violation of public policy under the Missouri Human Rights Act, White was fired on the basis of her sex, and intentional infliction of emotional distress.

In her motion to compel, White asks the Court to compel Steak n Shake to comply with White's interrogatory number 26, request for production of documents numbers 84 through 91, and request for admissions numbers 18 through 25. All of these discovery requests seek information, documents, and admissions, from the past three years, about complaints of food adulteration at Steak n Shake's restaurants, investigations of food adulteration at Steak n Shake's restaurants, and the outcome of any settlements from food adulteration complaints. Steak n

1

Shake asserts the information sought is not relevant to White's claims and this information is overbroad in that it is not limited in geographic scope (Steak n Shake has over 500 restaurants across the United States). Steak n Shake also argues three years is too long of a time period creating an undue burden on Steak n Shake. Steak n Shake also contends "food adulteration" is vague and not clearly defined. Steak n Shake objects to White's request for admissions asserting they are an inappropriate use of request for admissions. Finally, Steak n Shake claims White's requests for settlement agreements seek privileged and confidential information.

    A.    *Relevance of the Requested Discovery*

The Court agrees with White that the information sought is relevant to challenge Steak n Shake's claimed damages and to support White's claim of intentional infliction of emotional distress.[1] Steak n Shake claims White's post on Facebook caused a substantial decease in sales at its restaurants. This information is relevant to White's argument that the decrease in sales was due to other incidents at Steak n Shake's restaurants.

A claim for intentional infliction of emotional distress requires White to prove Steak n Shake's conduct in terminating White was outrageous or extreme and Steak n Shake acted intentionally or recklessly. *Hightower v. City of St. Louis*, No. 4:14CV1959 CEJ, 2016 WL 6524287 at *6 (E.D. Mo. Nov. 3, 2016) (citing *Crow v. Crawford & Co.*, 259 S.W.3d 104, 119 (Mo. Ct. App. 2008)). Steak n Shake's knowledge of other similar incidents is relevant to proving if Steak n Shake acted intentionally or reckless and its behavior was outrageous or extreme.

But, Federal Rule of Civil Procedure 26(b)(1) limits the scope of discovery so it is "proportional to the needs of the case, considering the importance of the issues at stake in the

---

[1] The Court's determination the information sought is relevant for purposes of discovery has no bearing on whether the information is ultimately admissible evidence.

action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." As currently written, White's discovery requests are not proportional to the needs of the case. White has included no geographic scope limitations and does not supply any reasoning behind its request for three years of this information. The Court will limit White's discovery requests to Steak n Shake restaurants within fifty miles of the Steak n Shake at issue in this case, located in Florissant, Missouri. The Court will also temporally limit White's requests to six months before and after January 5, 2018, the date that White found the allegedly contaminated steak patty.

### B. *"Food Adulteration" Requests*

The Court also agrees with Steak n Shake that the term "food adulteration" is vague and not clearly defined. In the exhibits provided to the Court of White's discovery requests, "food adulteration" is not defined. According to Merriam-Webster, "adulterate" is defined as "to corrupt, debase, or make impure by the addition of a foreign or inferior substance or element." MERRIAM-WEBSTER, https://www.merriam-webster.com/dictionary/adulterate (last visited July 30, 2019). Under this definition, White could be seeking a wide variety of information that has no relevance to the issues in this case. White shall provide Steak n Shake a definition of food adulteration that is narrowly defined and relevant to the issues in dispute. Steak n Shake shall then respond to White's amended requests within ten days of receipt.

### C. *Request for Admissions*

Steak n Shake shall respond to White's request for admissions numbers 18 through 25. White's discovery requests are relevant and the Court has limited the temporal and geographic scope to make the requests proportional to the needs of the case. Steak n Shake argues White's

3

requests seek to get Steak n Shake to admit facts in dispute and this is not a permissible use of a request for admission. The Advisory Committee Notes to Rule 36 state the proper response to a request for admission of a fact in dispute is to provide an answer, not an objection. "In his answer, the party may deny, or he may give as his reason for inability to admit or deny the existence of a genuine issue." Rule 36(a)(4) requires a party to admit, to specifically deny, or to state why a party cannot truthfully admit or deny. Steak n Shake shall provide an answer to White's request for admissions numbers 18 through 25 within ten days of this order.

        D.      *Privileged and Confidential Documents*

Finally, Steak n Shake shall produce documents pursuant to request for production of documents number 86. Steak n Shake objects to this request stating it seeks privileged and confidential information. Request 86 asks for documents that relate to any settlement, monetary compensation, or incentive offered to an individual involving the reporting of food adulteration in Steak n Shake's restaurants. Steak n Shake provides no support for its blanket assertion settlement agreements are privileged documents. Settlement agreements and related documents are generally not entitled to special protection or privilege in the discovery process. *Hawkins v. Cty. of Lincoln*, No. 7:10CV5001, 2012 WL 12884563 at *1 (D. Neb. Apr. 5, 2012) (citing cases from the District of D.C., District of Rhode Island, and Central District of California). A settlement agreement is not protected by attorney-client privilege because, by its nature, it involves third parties – opposing counsel and the opposing party to the settlement agreement. If Steak n Shake believed other documents were subject to privilege, Steak n Shake should have provided White a privilege log as required by Federal Rule of Civil Procedure 26(b)(5).

Confidential documents are not protected from discovery. "Where a party designates certain documents as 'confidential,' she has not automatically shielded such evidence for

purposes of discovery." *Auto-Owners Ins. Co. v. Mid-America Piping, Inc.*, No. 4:07CV00394 SNLJ, 2008 WL 2570820 at *1 (E.D. Mo. Jun. 26, 2008). But, "when the requested discovery concerns a confidential settlement agreement, the majority of courts considering the issue have required the requesting party to meet a heightened standard, in deference to Federal Rule of Evidence 408, and the public policy to encourage settlements and to uphold confidentiality provisions." *Id*. at *2. White has not met this standard. She may obtain the identity of customers who have complained of food contamination through less burdensome means that do not impinge on Federal Rule of Evidence 408 considerations.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Melissa White's Motion to Compel Production of Documents and Answers to Interrogatory and Request for Admissions [69] is **GRANTED, in part,** and **DENIED, in part**.

So Ordered this 30th day of July, 2019.

_____
**STEPHEN R. CLARK**
**UNITED STATES DISTRICT JUDGE**