# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

STEAK N SHAKE, INC.,            )
                                )
        Plaintiff,            )
                                )
v.                              )   Case No. 4:18-cv-00072-SRC
                                )
MELISSA WHITE,                  )
                                )
        Defendant.            )

### PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO EXCLUDE THE REPORT, OPINION, AND TESTIMONY OF DR. CATHERINE HUTT

COMES NOW Plaintiff Steak N Shake, Inc. ("SNS" or "Plaintiff"), by and through its undersigned counsel, and hereby states as its Reply to Defendant Melissa White's ("White" or "Defendant") Response in Opposition to Plaintiff's Motion to Exclude the Report, Opinion, and Testimony of Dr. Catherine Hutt as follows:

### FACTUAL BACKGROUND

SNS filed a defamation cause of action against White, after she posted defamatory statements on Facebook about SNS, which resulted in tens of thousands of shares, and multiple instances of individuals saying they would never eat at SNS again. (Doc. 1). In response, White filed counterclaims, alleging violations of the Missouri Whistleblower's Protection Act, Title VII,[1] and intentional infliction of emotional distress. These are the only claims at issue in this consolidated action.

White retained Dr. Catherine Hutt ("Dr. Hutt"), a self-described food safety and nutrition professional, as a purported expert to provide her opinion, report, and testimony on whether District Manager Frank Tardy conducted his investigation and inspection of the alleged

---

[1] White's Title VII claims were consolidated into this action after she filed claims of race and sex discrimination and sex harassment in 2019.

contaminated meat in a manner that conformed with the standard practice for the foodservice industry. Hutt Dep. 77:19-78:3, 82:7-13, 83:23-84:1. Dr. Hutt's issued her report on December 21, 2018, after having reviewed very limited information concerning this case, including the brief and limited testimony of Tardy from an unemployment hearing, as well as White's counterclaims and self-serving statements. It is indisputable that Hutt never witnessed Tardy's inspection, never saw any recording or had complete eye-witness accounts of his inspection, nor did she ever observe the hamburger patty which is the central element at issue in SNS's defamation claim. At no point has Dr. Hutt been retained to provide an expert report on the condition of the hamburger patty on January 5, 2018. In fact, Dr. Hutt has never seen the hamburger patty. Her expert testimony is limited only to her evaluation and assessment of Tardy's inspection and investigation, none of which has any bearing on White's defense against defamation or any of her counterclaims.

## ARGUMENT

White's opposition to SNS's motion to exclude Dr. Hutt's testimony, opinion, and report fails to establish how Dr. Hutt's testimony, opinion, and report would help the jury decide any issues in this consolidated action, or how they are remotely relevant to the issues in this case. SNS does not question or contest Dr. Hutt's credentials or qualifications. Rather, SNS is simply stating that Dr. Hutt's opinion and report are unnecessary and irrelevant. White admits in her opposition to this motion that she retained Dr. Hutt only for the purpose of assessing Tardy's investigation and inspection to the extent it conformed with food industry standards. Whether or not his investigation conformed to food industry standards is completely irrelevant, does not advance any of White's claims or defenses, confuses the issues and misleads the jury, and unfairly prejudices SNS.

### a. Dr. Hutt's Was Not Retained For a Purpose That Advances White's Defenses or Claims.

In order for an expert's testimony, opinion, or report to be admissible, it must, like all evidence, be relevant. *See Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 591-92 (1993). White retained Dr. Hutt and her expertise for a purpose unrelated to the claims and issues in this case. Dr. Hutt's admitted purpose was "to consider the investigation done by the district manager in this case for Steak 'n Shake and to consider whether or not that was within industry standards for the restaurant business." Hutt Dep. 77:25-78:3, 82:7-13, 83:23-84:1; *see also Exhibit* 37, Dr. Hutt's Report. Simply put, whether or not the District Manager conducted an inspection that conformed with food service industry standards <u>does not matter</u> for purposes of this action. White continues to confuse the issues in this matter. The issues as they relate to White's defense against defamation are (a) whether or not there were worms, maggots, or fly larvae in the hamburger patty on January 5, 2018, and (b) whether or not SNS was serving contaminated meat to customers on that date. Dr. Hutt's testimony, report, and opinion for which she was retained do nothing to address those issues or help the jury decide those issues central to this action.

White asserts that Dr. Hutt's opinion will help the jury "understand how the adequate investigation into a complaint of food contamination should be conducted." (Doc. 89, p. 5). Further, she argues that Dr. Hutt's opinion will help the jury decide whether Tardy's investigation was adequate enough to lead to his conclusion that the meat was not contaminated and also help the jury understand that "meat contamination is not an isolated issue." (Doc. 89, p. 5). However, White utterly fails to explain how or why the jury would ever have to decide those issues. In reality, it won't. The adequacy of Tardy's investigation is wholly immaterial to the issue of whether there were actual worms, maggots, or fly larvae in the meat on January 5, 2018. It is also completely immaterial to the issue of whether SNS sold contaminated meat to

3

customers on that date, because Dr. Hutt admitted she has absolutely no knowledge (personal or otherwise) that any customers received contaminated meat. Hutt Dep. 153:23-154:7. At most, Dr. Hutt can only offer *speculation* that some customers *might have* received contaminated meat based on White's assertions that she found one hamburger patty that contained fly larvae.

White points to Dr. Hutt's testimony that contaminated meat could have been sold to the public to suggest that her opinion, report, and testimony are relevant and will help the jury understand and decide issues. However, White's argument conveniently ignores the fact that in her Facebook post that is the foundation of SNS's defamation claim, White wrote that contaminated meat **was being sold**, not that it could have been sold. Dr. Hutt cannot testify as to whether there were worms in the meat on January 5, 2018, nor does her designation as an expert in food safety and investigations qualify her to make a report, formulate an opinion, or provide testimony that there were worms in the meat on January 5, 2018. Moreover, all other examined witnesses, including Dr. Hutt, several SNS employees who were working on that date, and *White herself*, have testified that they have no actual knowledge of contaminated meat being sold on January 5, 2018. Lambert Dep. 95:19-22; Unger Dep. 55:21-24; Nicholson Dep. 120:2-13; Hutt Dep. 104:18-20; White Dep. 124:6-19, 181:25-182:8, 184:1-185:6, 220:1-5, 234:2-9.

SNS does not dispute Dr. Hutt's credentials or qualifications. In fact, it is not attacking them at all, despite White's assertions otherwise. SNS simply identifies the fact that Dr. Hutt's testimony, opinion, and report are not relevant to any issues in this case. Moreover, her testimony, opinion, and report do not help the jury decide or understand any issues or defenses regarding defamation, violations of the Missouri Whistleblower's Protection Act, intentional infliction of emotional distress, race and sex discrimination, or retaliation under Title VII. White claims that Dr. Hutt's "opinions, report and testimony will help the jury determine whether Steak

4

N Shake acted in good faith when Ms. White reported the contaminated meat." (Doc. 89, p. 6). But White completely fails to explain why a jury would ever have to decide whether SNS demonstrated good faith (or not).

SNS's good faith is not an issue in this matter. The question on the defamation claim is whether White was irresponsible and defamatory in posting statements to Facebook that SNS was serving contaminated meat. Clearly, she was, and Dr. Hutt's opinion, report, and testimony do nothing to advance White's defenses to that claim.

Dr. Hutt's opinion, report and testimony also do nothing to advance White's counterclaims. On her Title VII claims, White must establish that she was subjected to severe or pervasive harassment because of her sex, or that her employment was terminated based on a discriminatory animus toward her race or sex. Whether or not Tardy conducted a food-industry-standard inspection on January 5, 2018, or demonstrated good faith in doing so, has nothing to do with the Title VII claims. It also has nothing to do with White's WPA claim, in which she must prove that her employment was terminated because she reported an unlawful act or misconduct of the employer (to someone other than the purported wrongdoer). White's complaints on January 5, 2018, related to the alleged contamination of the meat, not to whether Tardy was conducting a sufficient investigation. Moreover, White's complaints are not protected by the WPA because she alleges Tardy is the wrongdoer (*see* SNS's memorandum in support of its motion for summary judgment, filed contemporaneously with this reply brief). Finally, Tardy's investigation or SNS's "good faith" have nothing to do with White's IIED claim. White's IIED claim is admittedly not based on the sufficiency of Tardy's investigation, but rather SNS's actions directed toward her personally in terminating her employment and filing the defamation lawsuit against her.

Ultimately, Dr. Hutt's opinion, testimony, and report will not help a jury decide or understand the claims, issues, or defenses in this action. White has not, and clearly cannot, establish that the jury should ever even hear from Hutt. In her opposition brief, White merely argues that she "wholeheartedly disagrees with Steak N Shake's assessment that her counterclaims have nothing to do with Dr. Hutt's opinions or report." (Doc. 89, p. 9). This conclusory statement, without any explanation or legal analysis whatsoever, is completely insufficient to overcome the fact that Dr. Hutt's retained purpose and her opinions, report, and testimony fail to help the jury decide *any* facts at issue in this case.

### b. Dr. Hutt's Report, Opinion, and Testimony Are Not Based on Sufficient and Complete Facts

Dr. Hutt's report, opinion, and testimony lack sufficient factual basis. SNS does not question Dr. Hutt's underlying qualifications to render an opinion regarding food industry standards for inspecting and investigating contaminated meat as a general matter. What SNS argues and demonstrates is that Dr. Hutt's report, opinions, and testimony are not based in *evidence*, in that she has relied heavily upon White's counterclaims to form her opinions and report. Obviously, pleadings are not evidence. *See North Face Apparel Corp. v. Williams Pharmacy, Inc.*, No. 4:09CV2029RWS, 2010 WL 546318, at *1 (E.D. Mo. Feb. 9, 2010) (stating "pleadings are not evidence"). Here, Dr. Hutt has used them as such, accepting as true allegations that have not been established as facts (and in many instances, have been disproven by actual evidence). Moreover, her reliance on unauthenticated, grainy photos, extremely limited testimony (only 5 pages) from Tardy[2] given during an unemployment hearing, is misplaced. Dr. Hutt never spoke to Tardy, never saw video footage of his inspection, nor did she have a complete understanding or picture of what Tardy did. She merely relied upon White's account,

---

[2] Despite being the main target of White's ire and claims as well as a decision-maker in her alleged termination, White never deposed Tardy in this case.

6

her counterclaims and pleadings, and the limited testimony[3] Tardy provided during the unemployment hearing, the purpose of which was to contest White's claim for benefits.

Even Dr. Hutt's reliance on the unauthenticated and grainy photos of the alleged hamburger patty demonstrates the insufficiency and incompleteness of the facts upon which she bases her opinions and report. Dr. Hutt never saw the actual hamburger. Hutt Dep. 122:21-23. She only formed her opinion about the contents of the hamburger through photos shown to her, which she assumed was a photo of the meat at issue based on what she was told by White's counsel. Hutt Dep. 124:5-7. At no point has any foundation been established for these photographs, nor have they ever been authenticated. Yet, they were presented to Dr. Hutt as facts, which she assumed were true. Therefore, her opinion is based not upon evidence, but upon speculation and assumption. This is not a sufficient or complete basis for rendering an expert opinion or report. This is why Dr. Hutt cannot confirm that there was a contamination in the meat at SNS's Florissant restaurant on January 5, 2018.

It is abundantly clear that Dr. Hutt did not have the full picture of what occurred on January 5, 2018, and chose to render her expert opinion on "facts" not admissible into evidence and on the self-serving statements and pleadings of White.

### c. SNS Will Be Prejudiced by Dr. Hutt's Report, Opinion, and Testimony, Which Will Confuse the Issues and Mislead the Jury.

Lastly, SNS reiterates that Dr. Hutt's report, opinion, and testimony prejudice SNS, confuse the issues, and would mislead the jury. Rule 403 permits the exclusion of otherwise relevant evidence "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury." Fed. R. Evid. 403. Dr. Hutt's report, opinion, and testimony are clearly based upon insufficient, self-serving, and incomplete facts,

---

[3] Dr. Hutt even testified that Tardy "did not describe the thoroughness of his investigation" when he testified at the unemployment hearing. Hutt Dep., p. 107:15-16, 108:6-8.

7

and are irrelevant. However, even assuming that the report, opinion, and testimony were foundationally sound and relevant, their probative value is substantially outweighed by the prejudice to SNS. Because nothing from Dr. Hutt would advance, clarify, or contribute to the understanding of the issues in this case, SNS would clearly be prejudiced by the inclusion of Dr. Hutt's report, opinion, testimony as an expert. Her report, opinion, and testimony merely confuse the issues, by presenting the issue of whether or not Tardy did an inspection conforming with food industry standard as if those are issues to be decided, rather than focusing on the issues of whether or not White defamed SNS on January 5, 2018, or the issues associated with White's counterclaims. SNS's choice not to retain an expert to refute Dr. Hutt's report, opinion, and testimony reveals the irrelevancy of it, which is further supported by Dr. Hutt's own sworn testimony during her deposition examination.

Therefore, the Court must exclude Dr. Hutt's testimony, report, and opinion as unduly prejudicial under Federal Rule of Evidence 403.

## **CONCLUSION**

WHEREFORE, Steak N Shake Inc. respectfully requests that the Court grant its Motion to Exclude the Report, Opinion, and Testimony of Melissa White's Designated Expert Dr. Catherine Hutt, and for any such other relief as this Court deems just and proper

Respectfully submitted,

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

/s/ Erin E. Williams
Erin E. Williams, MO #60935
Thomas R. Chibnall,  MO #67994
7700 Bonhomme Avenue, Suite 650
St. Louis, MO  63105
Telephone:  314-802-3935
Facsimile:  314-802-3936
erin.williams@ogletree.com

Attorneys for Plaintiff Steak N Shake, Inc.

## CERTIFICATE OF SERVICE

    The undersigned certifies that on August 27, 2019 the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system which sent notification of such filing to all counsel of record.

/s/ Erin E. Williams
Attorneys for Plaintiff Steak N Shake, Inc.

39701530.2