UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| STEAK N SHAKE INC., | ) |
| | ) |
| Plaintiff(s), | ) |
| | ) |
| vs. | ) Case No. 4:18-cv-00072-SRC |
| | ) |
| MELISSA WHITE, | ) |
| | ) |
| Defendant(s). | ) |

**MEMORANDUM AND ORDER**

This matter comes before the Court on Defendant Melissa White's [141] Objections to Plaintiff's Trial Exhibit List and [143] Motion in Limine (No. 3) to exclude all hearsay statements from Ms. White's Facebook account. The Court heard from the Parties on these matters at the pretrial conference held on February 3, 2020. The Court overrules in part and sustains in part Defendant's objections to Plaintiff's Exhibits #7 and 8. The Court grants in part Defendant's Motion in Limine No. 3, as set forth in detail below.

    **A.**     **Plaintiff's Trial Exhibits #7 and #8**

Defendant objects to Plaintiff's proposed Trial Exhibits #7 and 8 on the grounds of relevance and hearsay. Doc. 141. Exhibit 7 is a document of 22 pages. Exhibit 8 is a document of approximately 600 pages. Both Exhibits appear to be printouts of comments from Defendant's Facebook account. Plaintiff's counsel represented at the pretrial conference that Exhibit 8 contains all comments Defendant received on her Facebook account in response to her January 5, 2018 Facebook post that is the basis of the present lawsuit. Exhibit 7 is a smaller selection of the Facebook comments—i.e., everything in Exhibit 7 is also in Exhibit 8.

1

As an initial matter, the Court overrules Defendant's relevance objection to these Exhibits. Because one of the elements Plaintiff must prove in this defamation action is that White's Facebook post caused Steak N Shake reputational damage,[1] the comments of other Facebook users who saw the post are clearly relevant.

Defendant also objects to these Exhibits on the grounds that they contain inadmissible hearsay. At the pretrial conference, Plaintiff argued that the Facebook comments are admissible on two separate grounds. First, the comments are not hearsay if not offered for the truth of the matter asserted. Fed. R. Evid. 801(c); *see also United States v. Lemons*, 792 F.3d 941, 947–48 (8th Cir. 2015). One purpose for which Plaintiff offers the Facebook comments (particularly Exhibit 8) is to demonstrate the sheer volume of public commentary that Defendant's Facebook post generated. As noted above, Exhibit 8 is approximately 600 pages in length. The Court will admit Exhibit 8 for the limited purpose of demonstrating the amount of public commentary generated by Defendant's Facebook post. At the time Exhibit 8 is introduced, the Court will instruct the jury that it may consider Exhibit 8 only for this limited purpose, and not for the truth of any matter asserted therein. *Lemons*, 792 F.3d at 948. Because Exhibit 7 contains no material not included in Exhibit 8, it is cumulative to the extent it is offered for the limited purpose of showing volume of public commentary. Accordingly, the Court will admit Exhibit 7 only upon a showing that each out-of-court statement falls within an exception to the rule against hearsay.

      **B.    Defendant's Motion in Limine to Exclude All Hearsay Statements from Ms. White's Facebook Account**

By motion in limine, Defendant moves to exclude all hearsay statements from Ms. White's Facebook account. Doc. 143 at 3-4. Out-of-court statements offered for their truth are generally inadmissible unless they fall within an exception to the rule against hearsay. Fed. R.

---

[1] *See Overcast v. Billings Mut. Ins. Co.*, 11 S.W.3d 62, 70 (Mo. 2000).

Evid. 801, 802. At the pretrial conference, Plaintiff argued that third-party Facebook comments found in Exhibits 7 and 8 are admissible for the truth of the matter asserted under the "then-existing state of mind" exception to the hearsay rule. Fed. R. Evid. 803(3). This exception provides that statements of a "declarant's then-existing state of mind (such as motive, intent, or plan) or emotional, sensory, or physical condition (such as mental feeling, pain, or bodily health)" are not excluded by the rule against hearsay. *Id.* The exception does not apply, however, to "statement[s] of memory or belief to prove the fact remembered or believed." *Id.*

Plaintiff argued at the pretrial conference that *any* Facebook comment made in response to another person's post necessarily falls within the 803(3) exception, as it represents the commenter's "existing mental impression." The Court disagrees. Not every Facebook comment falls within a hearsay exception. *See, e.g., Chroma Makeup Studio LLC v. Boldface Grp., Inc.*, No. CV129893ABCPJWX, 2013 WL 12114826, at *15 n.20 (C.D. Cal. Jan. 23, 2013) (Facebook comments did not fall within 803(3) exception where offered to prove the state-of-mind of someone other than the commenter); *Herster v. Bd. of Supervisors*, No. CV 13-139-JJB-SCR, 2015 WL 5443673, at *5 (M.D. La. Sept. 15, 2015) (finding Facebook comments could not be admitted under 803(3) exception where it was impossible to know when the comments were made).[2]

---

[2] In the present case, the very first comment in Plaintiff's proposed Exhibit 7 illustrates the overbreadth of Plaintiff's argument. The comment reads:

> Omg!!!!!!!! I'm done. I had got mommy some the othet [sic] day & her stomach was hurting…

The first two sentences of this comment appear to fall within the 803(3) exception, as they describe the declarant's then-existing state of mind. The third sentence, however, is a "statement of memory." Fed. R. Evid. 803(3). Thus, it does not fall within the 803(3) exception, and would be inadmissible for the truth of the matter asserted unless another hearsay exception applies. *Id.*

Plaintiff's proposed Exhibits that include Facebook comments[3] will only be admitted for their truth upon a showing that each individual out-of-court statement falls within an exception to the hearsay rule.  Exhibits 7 and 8 do not appear to meet this test.  *See* note 2, *supra*.  Accordingly, the Court directs Plaintiff to identify the specific Facebook comments it intends to offer for their truth (if any) and to specify any applicable hearsay exceptions for *each* identified comment.  If, in light of this Order, Plaintiff intends to offer any Facebook comments for the truth of the matter asserted, Plaintiff shall disclose to Defendant the identified comments by the deadline specified below.  Then, the Parties must meet and confer to determine whether Defendant has any remaining objections to the identified comments.  If not, the Parties should submit the identified comments as a stipulated Exhibit.  If any objections remain, the Parties must identify those comments that remain disputed no later than the joint pretrial status report due March 23, 2020.  *See* Doc. 160.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's objections to Plaintiff's Exhibits #7 and 8 are overruled in part and sustained in part.  Plaintiff's Exhibit 8 will be admitted for the limited purpose of showing the volume of public commentary in response to Defendant's Facebook post.  Plaintiff's Exhibit 7 will only be admitted upon a showing that each out-of-court statement falls within an exception to the rule against hearsay.

**IT IS FURTHER ORDERED** that Defendant's Motion in Limine No. 3 is granted in part.  Any third-party statements from Ms. White's Facebook account that do not fall within an exception to the hearsay rule and are offered for their truth will be excluded.

---

[3] This includes Plaintiff's proposed Exhibits 7, 8, 9, and 13.  Plaintiff's proposed Exhibit 5 was provisionally withdrawn during the pretrial conference.  To the extent Plaintiff subsequently re-offers proposed Exhibit 5, the requirements for admissibility set forth herein will apply.

**IT IS FURTHER ORDERED** that Plaintiff shall, no later than March 2, 2020, disclose to Defendant and the Court: (a) each Facebook comment it intends to offer into evidence for the truth of the matter asserted, or any other purpose than admitted as set forth in this Order, and (b) any hearsay exceptions that apply to each identified comment. Parties shall meet and confer regarding the identified comments no later than March 13, 2020. Parties shall, in the joint pretrial status report due March 23, 2020, identify with specificity any objections that remain unresolved.

So Ordered this 14th day of February, 2020.

                                                    */s/ SL R. CR*
                                        **STEPHEN R. CLARK**
                                        **UNITED STATES DISTRICT JUDGE**