JURY INSTRUCTION NO. 1

Members of the jury, the instructions I gave at the beginning of the trial and during the trial are still in effect. Now I am going to give you some additional instructions.

You have to follow all of my instructions – the ones I gave you earlier, as well as those I give you now. Do not single out some instructions and ignore others, because they are all important. This is true even though I am not going to repeat some of the instructions I gave you at the beginning of or during the trial.

You will have copies of the instructions I am about to give you now in the jury room. You will have copies of some of the instructions with you in the jury room; others you will not have copies of. This does not mean some instructions are more important than others. Remember, you have to follow all instructions, no matter when I give them, whether or not you have written copies.



Judge Stephen R. Clark

*SRC*
6/16/21

## JURY INSTRUCTION NO. 2

I have not intended to suggest what I think your verdict should be by any of my rulings or comments during the trial.



Judge Stephen R. Clark

SRC 6/16/21

JURY INSTRUCTION NO. 3

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe. You may believe all of what a witness said, or only part of it, or none of it.

You may consider a witness's intelligence; the opportunity the witness had to see or hear the things testified about; a witness's memory, knowledge, education, and experience; any reasons a witness might have for testifying a certain way; how a witness acted while testifying; whether a witness said something different at another time; whether a witness's testimony sounded reasonable; and whether or to what extent a witness's testimony is consistent with other evidence you believe.

In deciding whether to believe a witness, remember that people sometimes hear or see things differently and sometimes forget things. You will have to decide whether a contradiction is an innocent misrecollection, or a lapse of memory, or an intentional falsehood; that may depend on whether it has to do with an important fact or only a small detail.



Judge Stephen R. Clark

Given
SRC
6/16/21

## JURY INSTRUCTION NO. 4

You will have to decide whether certain facts have been proved by the greater weight of the evidence. A fact has been proved by the greater weight of the evidence, if you find that it is more likely true than not true. You decide that by considering all of the evidence and deciding what evidence is more believable.

You have probably heard the phrase "proof beyond a reasonable doubt." That is a stricter standard than "more likely true than not true." It applies in criminal cases, but not in this civil case; so put it out of your mind.



Judge Stephen R. Clark

SRC
6/16/21

## JURY INSTRUCTION NO. 5

There are rules you must follow when you go to the jury room to deliberate and return with your verdict.

*First*, you will select a foreperson. That person will preside over your discussions and speak for you here in court.

*Second*, it is your duty, as jurors, to discuss this case with one another in the jury room. You should try to reach agreement, if you can do this without going against what you believe to be the truth, because all jurors have to agree on the verdict.

Each of you must come to your own decision, but only after you have considered all the evidence, discussed the evidence fully with your fellow jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your mind if the discussion persuades you that you should. But, do not come to a decision just because other jurors think it is right, or just to reach a verdict. Remember you are not for or against any party. You are judges – judges of the facts. Your only job is to study the evidence and decide what is true.

*Third*, if you need to communicate with me during your deliberations, send me a note signed by one or more of you. Give the note to the bailiff and I will answer you as soon as I can, either in writing or here in court. While you are deliberating, do not tell anyone - including me - how many jurors are voting for any side.

*Fourth*, your verdict has to be based only on the evidence and on the law that I have given to you in my instructions. Nothing I have said or done was meant to suggest what I think your verdict should be. The verdict is entirely up to you.

Judge Stephen R. Clark

Given
SRC
6/16/21

*Finally*, the verdict form is your written decision in this case. You will take this form to the jury room, and when you have all agreed on the verdict, your foreperson will fill in the form, sign and date it, and tell the bailiff that you are ready to return to the courtroom.



Judge Stephen R. Clark

Given
SRC
6/16/21

JURY INSTRUCTION NO. 6

You have heard testimony from Dr. Jeffrey Tomberlin, who testified to opinions and the reasons for his opinions, and Dr. Catherine Hutt, who testified to opinions and the reasons for her opinions. These opinion testimonies are allowed because of the education or experience of these witnesses.

You should judge this opinion testimony just as you would any other testimony. You may accept it or reject it and give it the weight as you think it deserves, considering the witnesses' education and experience, the reasons given for the opinions, and all other evidence in this case.

Judge Stephen R. Clark

SRC 6/16/21

JURY INSTRUCTION NO. 7

Your verdict will depend on the facts you believe after considering all the evidence. The party who relies upon any disputed fact has the burden to cause you to believe that such fact is more likely true than not true. In determining whether or not you believe any fact, you must consider only the evidence and the reasonable conclusions you draw from the evidence.

There is a different burden of proof that applies only to punitive damages as submitted in the second paragraph of Instruction No. 10. The party bringing the claim has the burden to cause you to believe that the evidence has clearly and convincingly established the facts necessary to recover punitive damages.

Judge Stephen R. Clark



## JURY INSTRUCTION NO. 8

Your verdict must be for plaintiff Steak N Shake if you believe:

*First*, defendant White published a Facebook post containing the following statements:

**#SHARESHARESHARE** JUST GOT FIRED FROM STEAK N SHAKE ON FLORRISANT AND LINBERGH ROAD BECAUSE I FOUND LIVE WORMS WHILE COOKING A STEAKPATTY MOVING INSIDE OF IT AND REFUSED TO SELL THAT MEAT ……WELL RIGHT NOW **#RIGHT NOW** THEY ARE STILL SELLING SAME MEAT **#NOONEEVENCHECKEDIT**. I JUST DON'T WANT EVERYONE GETTING SICK. I JUST GOT FIRED FOR NOTHING I HAVE A FAMILY THIS SHIT IS NOT RIGHT I DID NOTHING WRONG **#FOX2 #ELLIOT** WYA

and

*Second*, defendant White was at fault in publishing such Facebook post, and

*Third*, such statement tended to expose plaintiff Steak N Shake to contempt and ridicule or deprive Steak N Shake of the benefit of public confidence, and

*Fourth*, such statement was read by the public, and

*Fifth*, plaintiff Steak N Shake's reputation was thereby damaged.

Unless you believe plaintiff Steak N Shake is not entitled to recover by reason of Instruction No. 9.

Judge Stephen R. Clark

SRC 6/16/21

JURY INSTRUCTION NO. 9

      Your verdict must be for defendant Melissa White if you believe that the Facebook post was substantially true.

Judge Stephen R. Clark

SRC 6/16/21

## JURY INSTRUCTION NO. 10

If you find the issues in favor of plaintiff Steak N Shake, then you must award plaintiff such sum as you believe will fairly and justly compensate plaintiff for any damages you believe plaintiff sustained as a direct result of the publication of the Facebook post mentioned in the evidence.

If you find the issues in favor of plaintiff Steak N Shake, and if you believe that defendant White published the Facebook post with knowledge that it was false or with reckless disregard for whether it was true or false at a time when defendant had serious doubt as to whether it was true, then in addition to any damages to which you find plaintiff entitled under the foregoing paragraph, you may award plaintiff an additional amount as punitive damages in such sum as you believe will serve to punish defendant and to deter defendant and others from like conduct.

Judge Stephen R. Clark
SRC
6/16/21

# VERDICT FORM

Note: Complete this form by writing in the name required by your verdict.

On the claim of plaintiff Steak N Shake for libel against defendant White, as submitted in Instruction No. _8_, we, the undersigned jurors, find in favor of:

_____

| (Plaintiff Steak N Shake) | or | (Defendant White) |

Note: Complete the following paragraph only if the above finding is in favor of plaintiff.

We, the undersigned jurors, assess the damages of plaintiff as follows:

For actual damages, $_____ (stating the amount).

For punitive damages, $_____ (stating the amount, or if none, write the word, "none").

Note: All jurors who agree to the above findings must sign below.

_____    _____

_____    _____

_____    _____

_____    _____

_____    _____

Judge Stephen R. Clark
*Displayed*
SRC 6/16/21