UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| STEAK N SHAKE INC., | ) | |
| | ) | |
| Plaintiff(s), | ) | |
| | ) | |
| v. | ) | Case No. 4:18-cv-00072-SRC |
| | ) | |
| MELISSA WHITE, | ) | |
| | ) | |
| Defendant(s). | ) | |

**Memorandum and Order**

This matter is before the Court on Steak N Shake Inc.'s Motion for Bill of Costs. Doc. 221. The Court awards Steak N Shake costs in the amount of $10,545.04.

**I.    Background**

In June, this Court entered judgment on the jury's verdict in favor of Steak N Shake. Doc. 219. Steak N Shake has filed its Motion for Bill of Costs, seeking $18,327.63 in costs incurred in prosecuting this case. Doc. 221. White filed objections, Doc. 225, and Steak N Shake replied, Doc. 228.

**II.   Standard**

Rule 54(d)(1) of the Federal Rules of Civil Procedure provides that "costs . . . shall be allowed as a matter of course to the prevailing party unless the court otherwise directs." Under that rule, costs recoverable include: (1) fees of the clerk, (2) fees for transcripts, (3) fees for printing and witnesses, (4) fees for copies of papers necessarily obtained for use in the case, (5) docket fees, and (6) compensation of court-appointed experts and interpreters. 28 U.S.C. § 1920. Rule 54(d) creates a presumption favoring the award of costs to the prevailing party. *Computrol, Inc. v. Newtrend*, *L.P.*, 203 F.3d 1064, 1072 (8th Cir. 2000). "The losing party bears the burden

of overcoming the presumption that the prevailing party is entitled to costs[.]" *168th & Dodge, LP v. Rave Reviews Cinemas, LLC*, 501 F.3d 945, 958 (8th Cir. 2007). The Court has substantial discretion in awarding costs. *Computrol,* 203 F.3d at 1072. While the Court has discretion in determining the amount of costs, only the categories of costs set forth in section 1920 may be taxed. *See Crawford Fitting Co. v. J. T. Gibbons, Inc.*, 482 U.S. 437, 445 (1987).

**III.    Discussion**

White makes two main objections. White objects to many of the deposition costs requested by Steak N Shake and contends that the costs of serving summons and subpoena on witnesses are not taxable because Steak N Shake did not call the witnesses at trial. The Court addresses these two objections before turning to other costs requested by Steak N Shake to which White did not object, yet which are nevertheless not covered by 28 U.S.C. § 1920. *See Cowden v. BNSF Ry. Co.*, 991 F. Supp. 2d 1084, 1092–93 (E.D. Mo. 2014) (noting that, even absent objection, the Court must undertake to ensure costs awarded are within "the confines of § 1920").

> **A.    Steak N Shake can recover stenographic and electronic deposition recording costs, but not certain ancillary deposition costs**

White objects to the costs of videotaping the three depositions taken in the case and argues they were not necessary, especially because the depositions were also recorded stenographically. White also vaguely objects to ancillary deposition costs like the "sync charges, shipping charges, exhibit charges, attendances [sic] charge etc." Doc. 225 at p. 2.

> **1.    Steak N Shake can recover both the costs of stenographic and electronic recording of the depositions**

First, White asks the Court to exclude the costs of video deposition transcripts because Steak N Shake also claimed costs for stenographic transcripts of the same depositions. Section

1920 permits recovery of "fees for printed or electronically recorded transcripts necessarily obtained for use in the case." Because the statute uses the disjunctive "or," some courts in this Circuit have previously held that a prevailing party must choose between *either* printed or electronic transcripts. *See, e.g.*, *Cowden*, 991 F. Supp. 2d at 1090. But in *Stanley v. Cottrell, Inc.*, 784 F.3d 454 (8th Cir. 2015), the Eighth Circuit explicitly held that a district court may award "costs for *both* printed and electronically recorded transcripts of the same deposition as long as each transcript was 'necessarily obtained for use in [the] case.'" *Id.* at 465 (emphasis added).

White argues that Steak N Shake's choice to obtain video transcripts of depositions in this case was not necessary because they were not used "for summary judgment purposes or at the trial." Doc. 225 at p. 2. Steak N Shake responded that it obtained the video depositions of White and two expert witnesses because of the importance of their testimony and because the experts were beyond the Court's subpoena power and could have been unavailable for trial. Doc. 228 at pp. 3–4. In *Jacobson Warehouse Co. v. Schnuck Markets, Inc.*, this Court found that the prevailing party properly obtained both written and video deposition transcripts where the witnesses were important to the case and the party obtained the video out of concern that the witnesses would be unavailable for trial. No. 4:17-cv-00764 JAR, 2020 WL 853736, at *3–4 (E.D. Mo. Feb. 20, 2020), *aff'd*, 13 F.4th 659 (8th Cir. 2021). That is precisely the case here. Accordingly, the Court finds that both stenographic and video transcripts of White's deposition were "necessarily obtained for use in the case." 28 U.S.C. § 1920. Thus, the Court awards Steak N Shake the costs for the video transcript of White's deposition.

**2.     Steak N Shake cannot recover most ancillary deposition costs**

White also makes a general objection to the taxation of "sync charges, shipping charges, exhibit charges, attendances [sic] charges etc." Doc. 225 at p. 2. Section 1920(2) allows the Court to tax "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case." However, those deposition fees "incurred for the convenience of counsel and not necessarily obtained for use in the case" are not taxable. *Am. Modern Home Ins. Co. v. Thomas*, 2019 WL 3974351, at *2 (E.D. Mo. Aug. 22, 2019). Steak N Shake has submitted several such ancillary costs, which the Court denies.

Courts in this district have found that synchronization of written and video deposition transcripts constitutes a convenience fee, not a fee for the transcript itself. *See, e.g., Alternative Med. & Pharmacy, Inc. v. Express Scripts, Inc.*, 2016 WL 3443574, at *2 (E.D. Mo. June 23, 2016) (synchronization costs are not recoverable because they are "a part of a party's plan to present evidence to the jury"); *see also Am. Modern Home Ins. Co.*, 2019 WL 3974351, at *2 (synchronization costs "were incurred for the convenience of counsel and not necessarily obtained for use in the case"); *St. Francis Med. Ctr. v. C.R. Bard, Inc.*, 2010 WL 1980328, at *1 (E.D. Mo. May 18, 2010) ("The Court finds no authority, however, for taxing as costs the fees for text/video synchronization of seven depositions."). Thus, the Court denies Steak N Shake's requested synchronization fees totaling $1,100. Doc. 222-3 at pp. 3, 6, 10.

Additionally, under Eight Circuit precedent, Steak N Shake may not recover under section 1920 the cost of shipping depositions. *Smith v. Tenet Healthsystem SL, Inc.*, 436 F.3d 879, 889 (8th Cir. 2006). The Court denies Steak N Shake's request for $65.00 in shipping fees. Doc. 222-3 at pp. 2, 3, 9.

On the other hand, White's objections to exhibit-copy and court-reporter-attendance charges are without merit. This Court has consistently held that exhibit-copy charges and court-reporter-attendance charges are recoverable as costs under section 1920. *See, e.g., Cowden*, 991 F. Supp. 2d at 1088–89, 1092. The Court taxes these costs against White.

The Court denies Steak N Shake's request for archival and electronic file storage charges associated with the depositions. "[A]rchiving expenses are not recoverable under 28 U.S.C. § 1920." *Morgan v. Orthopedic Assocs. of Southeast Mo., P.C.*, No. 1:12-cv-136 CEJ, 2014 WL 3687120, at *2 (E.D. Mo. July 24, 2014). The Court deducts the archival and electronic file storage fees requested by Steak N Shake totaling $90.00. Doc. 222-3 at pp. 2, 3, 5, 9.

Finally, the Court notes that Steak N Shake paid for a "3 Day Expedite" for a certified copy of George Nicholson III's deposition. Doc. 222-3 at p. 14. Steak N Shake paid 360 Litigation Services $3.72 per page for the expedited service, as opposed to 360's normal rate of $2.19 per page. *Compare* Doc. 222-3 at p. 14 *with id*. at p. 11. This represents a surcharge of $252.45. Because Steak N Shake has not offered any "explanation as to why the expedited transcript fees were reasonable and necessary in the circumstances of this case," the Court deducts this surcharge from the total on page 14 of Doc. 222-3. *Bayes v. Biomet, Inc.*, No. 4:13-cv-00800 SRC, 2021 WL 3327633, at *3 (E.D. Mo. Aug. 2, 2021) (internal quotation marks omitted).

In summary, the Court deducts $1,507.45 from Steak N Shake's requested costs associated with the depositions in this case.

**B.     Steak N Shake cannot recover the cost of using a special process server**

Next, White asks the Court to exclude $1,610.00 in costs for service of summons and subpoena on the witnesses listed in Docs. 222 and 222-2 because Steak N Shake did not call any

of the witnesses it placed under subpoena.  That fact, standing alone, does not provide sufficient basis for the Court to deny the costs of service; however, the Court denies Steak N Shake's request on a different ground.  Doc. 222-2 contains only invoices from a special process server, and the Eighth Circuit has held that under 28 U.S.C. § 1920, a party may not recover the costs of using a special process .  *Crues v. KFC Corp.*, 768 F.2d 230, 234 (8th Cir. 1985).  Accordingly, the Court denies Steak N Shake's request for an award of $1610.00 in costs for service of summonses and subpoenas.

   **C.** **Steak N Shake cannot recover expert witness fees in excess of the statutory maximum for witnesses**

The Court has no authority whatsoever to award the thousands of dollars in expert witness fees Steak N Shake seeks.  The Supreme Court has held "that a federal court may tax expert witness fess in excess of the $[40]-per-day limit set out in § 1821(b) only when the witness is court-appointed."  *Crawford Fitting Co.*, 482 U.S. at 442.  The expert witnesses in this case were not appointed by the Court, so the Court reduces the costs sought for the depositions of Jeffrey Tomberlin and Catherine Adams Hutt to $40 plus milage.  The Court cannot award a subsistence allowance because no overnight stay was required for the depositions, section 1821(d)(1), and the Court cannot award the costs of parking because no "valid parking receipt" was presented.  § 1821(b)(3).  This reduces the awardable costs of their depositions from $2,137.42 and $2,709.16 to $147.42 and $99.16, respectively.  Doc. 222-4 at pp. 1, 3.  Steak N Shake may recover the remaining witness fees for the three other fact witnesses.  Therefore, the Court awards Steak N Shake $451.58 as costs for fees for witnesses.

> **D.     Steak N Shake cannot recover exemplification and copying fees because it did not submit supporting documentation to the Court**

Steak N Shake did not attach the "Exhibit E" it mentions on page 3 of Doc. 222 or any other documents in support of its request for costs associated with exemplification and copying. "Amounts requested for copy costs must be 'documented or itemized in such a way that the Court can meaningfully evaluate [a] request.'" *Golan v. Veritas Ent., LLC*, No. 4:14-cv-00069 ERW, 2017 WL 5564538, at *4 (E.D. Mo. Nov. 20, 2017) (alternations in original) (quoting *Yaris v. Special Sch. Dist. of St. Louis Cty.*, 604 F. Supp. 914, 915 (E.D. Mo. 1985), *aff'd*, 780 F.2d 724 (8th Cir. 1986). Without any supporting documentation, the Court is unable to meaningfully evaluate Steak N Shake's request and denies Steak N Shake $65.14 in costs associated with exemplification and copying.

**IV.    Conclusion**

The Court approves the remaining costs. Thus, the Court grants, in part, [221] Steak N Shake's Motion for Bill of Costs, less the costs the Court denied. The Court orders the Clerk to tax costs against Melissa White as follows:

| | |
|---|---|
| Fees of the Clerk: | $400.00 |
| Fees for printed or electronically-recorded transcripts necessarily obtained for use in the case: | $9,693.46 |
| Fees for witnesses: | $451.58 |
| TOTAL: | $10,545.04 |

So Ordered this 18th day of October 2021.

_____
**STEPHEN R. CLARK**
**UNITED STATES DISTRICT JUDGE**